## SCHOENFELD *v.* HENDRICKS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1067. Submitted March 5, 1894. — Decided April 16, 1894.

An action cannot be maintained against a collector of customs, either at common law or under the statutes of the United States, to recover duties alleged to have been illegally exacted, in 1892, upon an importation of merchandise, appraised according to law, no reappraisement being asked for, and the duties being assessed upon the valuation so arrived at.

A Circuit Court of the United States is without jurisdiction to hear and determine a suit against a collector raising such issues.

The case is stated in the opinion.

*Mr. W. Wickham Smith* for plaintiffs in error.

*Mr. Solicitor General* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action brought by Max Schoenfeld, David Schoenfeld, Lewis Loeb, and Ferdinand E. Loeb against Francis Hendricks, collector of the port of New York, in the Circuit Court of the United States for the Southern District of New York, to recover duties alleged to have been unlawfully assessed.

The defendant demurred to the complaint for want of jurisdiction. The Circuit Court held that it had no jurisdiction, sustained the demurrer, rendered judgment for defendant, and certified the question of jurisdiction to this court.

The complaint alleged that, upon entry made at the port of New York, the invoice was transmitted by the collector to the appraiser for appraisement of the merchandise therein described; that the appraisement was not conducted according to law by the appraiser and resulted in an illegal addition to the value of the merchandise; and that thereafter the collector assessed the duties upon the valuation so arrived at, which liquidation, therefore, plaintiffs alleged "to be wholly illegal, null, and void."

Under section 13 of the act of Congress "to simplify the laws in relation to the collection of the revenues," approved June 10, 1890, c. 407, 26 Stat. 131, it was provided that if the importer, owner, agent, or consignee of merchandise imported should be dissatisfied with the appraisement thereof, he might, by giving notice to the collector in writing of such dissatisfaction, obtain a reappraisement by one of the general appraisers, and that the decision of the general appraiser in such cases should govern as to the dutiable value, unless the importer, owner, consignee, or agent should still be dissatisfied and carry the matter, as provided, before the board of three general appraisers on duty at the port, the decision of which board should be final and conclusive.

In the case at bar the importers did not avail themselves of the means pointed out for the correction of the alleged error, and it follows that the exaction by the collector on the

value according to the appraisement cannot be held to be illegal, since if the appraisement remained unquestioned, the collector was bound to proceed thereon.

It was decided by this court in *Arnson* v. *Murphy*, 109 U. S. 238, that the common law right of action against a collector to recover duties illegally collected was taken away by act of Congress, and a statutory remedy given, which was exclusive. *Arnson* v. *Murphy*, 115 U. S. 579; *Cheatam* v. *United States*, 92 U. S. 85. While the common law right was outstanding, the collector withheld, as an indemnity, the sum in dispute, but Congress provided that he must pay into the Treasury all moneys received officially, and that the Secretary of the Treasury should refund erroneous and illegal exactions. A suit to recover back an excess of duty necessarily could only be maintained as affirmatively specified in the statute. Rev. Stat. (2d ed.) §§ 2931, 3010, 3011, 3012, 3012½, 3013; act of February 27, 1877, c. 69, 19 Stat. 240, 247; *Hager* v. *Swayne*, 149 U. S. 242, 244.

Section 3011 of the Revised Statutes, which authorized an action against a collector to recover money paid as duties "when such amount of duties was not, or was not wholly, authorized by law," was repealed by section 29 of the act of June 10, 1890, as were also sections 2931, 3012, 3012½, 3013; and the remedies substituted which these importers did not see fit to pursue. Moreover, section 25 of that act provided: "That from and after the taking effect of this act no collector, or other officer of the customs shall be in any way liable to any owner, importer, consignee, or agent of any merchandise, or any other person, for or on account of any rulings or decisions as to the classification of said merchandise or the duties charged thereon, or the collection of any dues, charges, or duties on or on account of said merchandise, or any other matter or thing as to which said owner, importer, consignee, or agent of such merchandise might, under this act, be entitled to appeal from the decision of said collector or other officer, or from any board of appraisers provided for in this act."

This section exempted the collector from suit in respect of any rulings or decisions as to the classification of merchan-

dise; the duties charged thereon; the collection of any dues, charges, or duties on or on account of said merchandise, or any other matter or thing as to which the importer might under the act be entitled to appeal from the decision of the collector or other officer, or from any board of appraisers provided for in the act; and its operation is not confined to rulings and decisions of the collector from which an appeal lies ultimately to the Circuit Court.

We held in *Passavant* v. *United States*, 148 U. S. 214, that the act of June 10, 1890, conferred no jurisdiction upon Circuit Courts of the United States, on the application of dissatisfied importers, to review and reverse a decision of a board of general appraisers ascertaining and fixing the dutiable value of imported goods, when such board has acted in pursuance of law, and without fraud or other misconduct from which bad faith could be implied; but it does not result from that conclusion that in such cases the collector is still subject to suit.

In *In re Fassett, Petitioner*, 142 U. S. 479, the question arose as to whether a British-built steam pleasure yacht, purchased in England by a citizen of the United States, and duly entered at the port of New York, was liable to duty as an imported article; and it was held that, as the owner, in order to have the benefit of proceedings under the act of June 10, 1890, would have been obliged to concede that the vessel was imported merchandise and to make entry of her as such, which was the very question in contention, he had pursued the proper remedy by filing his libel in the District Court of the United States for the Southern District of New York, which had jurisdiction of the vessel, under the circumstances disclosed, by virtue of section 934 of the Revised Statutes.

In *Robertson* v. *Frank Brothers Company*, 132 U. S. 17; *Oelbermann* v. *Merritt*, 123 U. S. 356; and other cases cited for plaintiffs in error, it was decided that while the general rule that the valuation of merchandise made by the appraiser, and unappealed from, is conclusive, the appraisement was subject to be impeached on grounds therein indicated, but these cases were adjudicated while section 3011 of the Revised

Statutes was still in force, and in view of the provision therein made for suits against the collector.

We are of opinion that this action would not lie at common law, the money being required by section 3010 to be paid into the Treasury; that it was not authorized by statute; and that the question of jurisdiction certified was properly answered by the Circuit Court in the negative.

*Judgment affirmed.*

Mr. Justice Jackson was absent when this case was submitted, and took no part in its decision.