DE BARY et al. v. DUNNE, Collector of Internal Revenue.

(Circuit Court, D. Oregon. June 15, 1908.)

No. 3,063.

INTERNAL REVENUE—SUIT TO RECOVER TAX PAID—CONDITION PRECEDENT.

Rev. St. § 3226 (U. S. Comp. St. 1901, p. 2088), which provides that no suit shall be maintained to recover back any internal revenue tax claimed to have been illegally or erroneously collected until an appeal shall have been taken to the Commissioner and a decision had therein, unless such decision shall have been delayed more than six months, is not merely a statute of limitations, but prescribes an absolute condition precedent, which is not waived by a failure to plead it, and without compliance with which a suit cannot be maintained; but where, before payment of the tax, a claim for its abatement was presented to the Commissioner in accordance with the rules of the department, and rejected, the same was equivalent to an appeal, and an appeal after payment on the same grounds was not necessary to authorize a suit.

On Motion to Dismiss.

This is an action to recover from the collector of internal revenue the sum of $209.99. with interest as prayed for, on the ground that the money was illegally exacted and collected as license fees from the plaintiffs as wholesale and retail liquor dealers within the state and district of Oregon. It is alleged that the plaintiffs were importers of wines and liquors, and as such conducted the business of wholesale liquor dealers in the city of New York, and paid annually the special tax imposed by the government, but that they never at any time conducted said business in the state of Oregon; that the defendant, notwithstanding, exacted of the plaintiffs the tax named, upon the assumption, which is untrue in fact, that plaintiffs were conducting a wholesale and retail liquor business within the state. The defendant admits the receipt of the tax, but denies that the plaintiffs were not conducting a wholesale and retail liquor business within the state and district of Oregon, and further alleges that said tax was paid voluntarily. The reply puts at issue the affirmative allegations of the answer.

Williams, Wood & Linthicum, for plaintiffs.
W. C. Bristol, U. S. Atty., for defendant.

WOLVERTON, District Judge (after stating the facts as above). After the issues had thus been formulated, the defendant moved the court to dismiss the action upon two grounds: First, that it was prematurely brought; and second, that the court is without jurisdiction to hear and determine the same. The motion is based upon section 3226, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2088), which provides that:

"No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected &ast; &ast; &ast;

162 F.—61

until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein."

It is further provided that:

"If such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section."

The period referred to is two years next after the cause of action accrues. It is a thing beyond dispute that the general government has the right to prescribe the conditions upon which it will subject itself to the judgments of the courts in the collection of its revenues. In pursuance of that principle, Congress has adopted a system of taxation, and in connection therewith a system of corrective justice, also, creating special, but appropriate, tribunals, and providing the means for obtaining relief therein by those who may feel themselves aggrieved through the illegal acts of the government's officers and agents. Nichols v. United States, 7 Wall. 122, 19 L. Ed. 125; Cheatham et al. v. United States, 92 U. S. 85, 23 L. Ed. 561. So it has come about that the common-law right to sue a revenue officer for the recovery of taxes illegally exacted has been superseded by statute, and the remedy accorded thereby is deemed to be exclusive. Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901; Schoenfeld v. Hendricks, 152 U. S. 691, 14 Sup. Ct. 754, 38 L. Ed. 601.

In Nichols v. United States, supra, the court, having under consideration the question whether cases arising under the revenue laws are within the jurisdiction of the Court of Claims, said incidentally that:

"An equal provision has been made to correct errors in the administration of the internal revenue laws. The party aggrieved can test the question of the illegality of an assessment, or collection of taxes, by suit; but he cannot do this until he has taken an appeal to the Commissioner of Internal Revenue. If the Commissioner delays his decision beyond the period of six months from the time the appeal is taken, then suit may be brought at any time within twelve months from the date of the appeal. Thus it will be seen that the person who believes he has suffered wrong at the hands of the assessor or collector, can appeal to the courts; but he cannot do this until he has taken an intermediate appeal to the commissioner."

While it may be objected that the particular question here discussed was not presented by the facts of that case, yet the observations of the court indicate clearly and explicitly what its firm impression was as to the meaning of the statute. The statute there referred to is Act July 13, 1866, 14 Stat. 111, c. 184, § 44, of which the one here sought to be invoked is an amendment. But the effect for present purposes has not been changed. In a later case (Collector v. Hubbard, 12 Wall. 1, 20 L. Ed. 272, which was an action like the present, but was instituted in a state court, and taken to the Supreme Court by writ of error), the court said:

"Remedies of the kind, given by Congress, may be changed or modified, or they may be withdrawn altogether, at the pleasure of the lawmaker, as the taxpayer cannot have any vested right in the remedy granted by Congress for the correction of an error in taxation. Suits for such causes of action are

absolutely prohibited until the taxpayer shall appeal to the Commissioner of Internal Revenue, and until the appeal has been decided, unless the decision is postponed longer than six months, in which case he is at liberty to sue within one year from the time when his appeal was taken."

In a still later case (Cheatham v. United States, supra, which was on error to the Circuit Court of the United States), wherein a suit was instituted against the collector to recover a sum of money paid under protest, in which the statute of 1866 was drawn in question, Mr. Justice Miller says:

"In the internal revenue branch it [the general government] has further prescribed that no such suit shall be brought until the remedy by appeal has been tried; and, if brought after this, it must be within six months after the decision on the appeal. We regard this as a condition on which alone the government consents to litigate the lawfulness of the original tax."

Again the Supreme Court says, speaking through Mr. Chief Justice Waite, in United States v. Savings Bank, 104 U. S. 728, 26 L. Ed. 908:

"An allowance by the Commissioner in this class of cases is not the simple passing of an ordinary claim by an ordinary accounting officer, but a statement of accounts by one having authority for that purpose under an act of Congress. Until an appeal is taken to the Commissioner no suit whatever can be maintained to recover back taxes illegally assessed or erroneously paid."

This language has especial reference to section 3226, which I have quoted above, and which is the amendment of the law as it stood when the previous cases were decided. Considering the language of these cases, there can be no possible doubt what the judgment of the Supreme Court of the United States is touching this section. The conditions there prescribed are intended to be conditions precedent to bringing an action for the recovery of money paid under an illegal exaction by a government officer.

These authorities, it seems to me, settle the question beyond peradventure. But, notwithstanding, it is now insisted on the part of the plaintiffs that, the defendant having appeared and answered to the complaint, thereby subjecting himself to the jurisdiction of the court, he cannot be heard to say that the plaintiffs have not complied with the statute giving a right of action. In support of this position plaintiffs' counsel cite an authority from this court, decided in 1868. Hendy v. Soule, Fed. Cas. No. 6,359. That was a case to recover for an alleged illegal exaction by the revenue officer of a tax for account of a manufacturer's license. Judge Deady compares the act to the ordinary statute of limitations, and, reasoning from this postulate, he concludes that, the defendant having appeared and answered without insisting upon the objection by demurrer or plea in abatement, he thereby waived the question, which was thought to be personal to the pleader, and could not be heard concerning it thereafter. The Supreme Court of the United States, however, in the case of Cheatham v. United States, supra, has spoken explicitly touching this same matter. The trial court instructed the jury that the act imposed a condition without which the plaintiff could not recover, and was

not merely a statute of limitations. Answering this question, the court spoke as has been above quoted. But it further says:

"From this assessment plaintiffs had an undoubted right to appeal to the Commissioner, and urge any of the reasons which they now rely on to show that it was illegal. They paid it without such appeal; and, in doing so, we think they come within the provisions of the section which forbids suit unless an appeal has been taken."

And the instruction of the trial court was accordingly sustained. Thus it would seem that the Supreme Court was of a different opinion, and that the statute could not be likened to the ordinary statute of limitations. If the section had merely limited the time of bringing action to the period of two years, then there would be an entire analogy. But it goes further, and positively prescribes that until an appeal shall have been duly made no suit shall be maintained in any court for a recovery of the tax. Nothing could be more explicit than this. And it seems to me that there could be no waiver of such a statute by the appearance and answer to the merits. In the case of Hendy v. Soule the question was not raised by the counsel in the case, and the distinguished jurist, having in mind the recent statute, could not well reach a conclusion without taking note of it. But the conclusion, as will be seen, was not in line with the decisions of the Supreme Court of the United States which followed, and hence it cannot be considered authority in the present controversy.

It is quite true that, if the United States should bring an action for the recovery of a tax, the defendant could set up the illegality thereof as a defense; and this, without first having appealed to the Commissioner of Internal Revenue. Clinkenbeard v. United States, 21 Wall. 65, 22 L. Ed. 477; United States v. Bank of America (C. C.) 15 Fed. 730; United States v. Nebraska Distilling Co., 80 Fed. 285, 25 C. C. A. 418. But the present case is not of that order.

These considerations lead to a dismissal of the action. But as the plaintiffs have asked leave to amend their complaint, if it should be held that it is insufficient, the court will sustain the motion, but with leave to the plaintiffs to make such amendment as to them may seem proper.

Since the above opinion was written the plaintiffs have amended their complaint, setting out that the defendant was directed by the Commissioner of Internal Revenue of the United States to collect by warrant of distraint the tax in question, unless claim for abatement thereof were made, in which event the collection should be delayed until such claim was rejected; that upon the ruling of the commissioner the plaintiffs filed such claim for abatement, setting forth the facts relative to their case; that after an examination of the evidence submitted to him by the plaintiffs the said Commissioner rejected the same, and ruled that the amounts claimed were legally assessed; that upon such ruling of the Commissioner the plaintiffs were forced to and did pay the sum aforesaid, but under protest. Under this amended complaint it is now insisted that the presentation of the claim for abatement, and the action of the Commissioner of Internal Revenue thereon, rendered it futile to prosecute an appeal to the Commissioner for a

repayment of the tax, he having passed upon the direct question at issue; hence that plaintiffs were excused from a compliance with the provisions of section 3226, Rev. St. (U. S. Comp. St. 1901, p. 2088), requiring that an appeal be taken to the Commissioner of Internal Revenue, according to the provisions of law and the regulations of the Secretary of the Treasury established in pursuance thereof, and that a decision be rendered by him before a suit or action could be instituted to recover the tax.

In support of the contention the plaintiffs' counsel cite the case of San Francisco Savings & Loan Society v. L. Cary, 2 Sawyer, 333, Fed. Cas. No. 12,317. In that case there was an appeal from an assessment of an internal revenue tax before payment of the tax, but no appeal was made to the Commissioner after payment. Sawyer, Circuit Judge, in passing upon the matter, says:

"But an appeal was taken from the assessment before payment, and decided against plaintiff. This I think sufficient. There could be no object in appealing a second time to the same officer in the same cause, and upon precisely the same question. The Commissioner had already decided the identical question, and the object of the law was accomplished in the first appeal."

From the trend of Mr. Justice Miller's opinion in the case of Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561, cited in the foregoing opinion, it would seem that he was of like opinion as Sawyer, Circuit Judge, and that, had an appeal been taken from the assessment, even prior to the payment, although none should have been taken later, the cause would have been sustained. Although the statute requires that there shall be an appeal taken to the Commissioner of Internal Revenue before any suit can be maintained for a recovery of the tax paid, yet it is believed that the term "appeal" is not used in the technical sense that there must be an appeal from the judgment of a lower tribunal to that of a higher for review or revision, but that the intendment of the statute is that the Commissioner of Internal Revenue shall be appealed or applied to in some regular way, and his decision had, as a condition to the prosecution of such suit or action.

Now, in this case it appears from the amended complaint that the plaintiffs were permitted to make a claim for abatement, and the revenue officer was required to delay collection until the claim was passed upon; that under the ruling of the Commissioner plaintiffs filed such claim, which was in due time brought to the attention of the Commissioner, and by him passed upon and rejected. This I construe to be tantamount to an appeal to the Commissioner of Internal Revenue under the statute, and hence that plaintiffs were entitled to sue at the time of filing their complaint. It is a rule, under the regulations of the revenue system, that no suit can be brought until the tax is paid; but it is not absolutely necessary that an appeal be taken after the payment of the tax. But if an appeal is had in regular course from the assessment, or by request for an abatement, to the Commissioner, and he has acted thereon, then no further step need be taken in the way of perfecting the cause of suit.

I think, therefore, the complaint as amended is sufficient, and the motion to dismiss will be overruled.