### THIRD NAT. BANK & TRUST CO. OF SPRINGFIELD, MASS., v. WHITE, Collector of Internal Revenue.

### No. 4783.

District Court, D. Massachusetts.
April 7, 1932.

Wooden, Small & Mallary, of Springfield, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty. (by J. Duke Smith, Sp. Asst. to U. S. Atty.), both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This action was originally brought against Thomas W. White, as collector of internal revenue. It appears from the records that he was served with a summons on June 5, 1931. The suit was brought to recover an income tax paid in 1924, and for which a claim for refund had been filed and rejected on June 11, 1929. It appearing that Malcolm E. Nichols was collector of internal revenue at the time the taxes were paid, a motion was made by the plaintiff for leave to amend its

writ and declaration by substituting as defendant Malcolm E. Nichols for Thomas W. White. This motion was allowed, and thereupon summons issued on the 23d day of October, 1931, to Nichols, whereby he was commanded "to take upon himself the defense of a certain action in contract now pending in said Court wherein the Third National Bank and Trust Company of Springfield is the plaintiff and Thomas W. White, Collector, was named as defendant, and now by amendment" the said Malcolm E. Nichols, collector as aforesaid, was named as defendant. This summons was served upon Nichols October 28, 1931, more than two years after the claim for refund had been rejected.

The defendant has filed an answer in abatement, setting up that the period of limitation for bringing suit against the defendant Nichols under section 3226 of the Revised Statutes had expired prior to the date of the summons and the date of its service upon him. Section 3226, Rev. St., as amended (26 USCA § 156), provides that no suit for the recovery of taxes wrongfully collected shall be maintained in any court after the expiration of five years from the date of the payment of the tax, unless the suit is begun within two years after the disallowance of the claim for refund.

A summons was served upon White within the two-year period. It was not served upon Nichols until after the expiration of the two-year period, and the answer in abatement raises the question whether it can be said that this suit was begun when the service was made upon White, or whether it was begun, within the meaning of the statute, when service was made upon Nichols.

The plaintiff's argument is based, as it must be, upon the premise that an amendment substituting another defendant does not amount to the bringing of a new action; but in the federal courts it seems to be well settled that such an amendment is, in effect, the beginning of a new and independent proceeding.

It is apparent from the authorities that this court does not follow the state law or practice respecting the effect to be given to amendments substituting a new defendant. For example, the Supreme Judicial Court of this commonwealth has allowed a case to proceed to judgment against the Director General of Railroads who had been substituted by amendment for the railroad company after the expiration of the period within which suits could be brought against the Director General. L. L. Cohen & Co., Inc., v.

Director General of Railroads, 247 Mass. 259, 142 N. E. 75.

The Supreme Court of the United States (Davis v. Cohen Co., 268 U. S. 638, 45 S. Ct. 633, 634, 69 L. Ed. 1129), however, reversed the decision of the state court, and held that the amendment striking out the original defendant and substituting a new party defendant was, in effect, the commencement of a new and independent proceeding to enforce the asserted liability, and, "Being commenced more than two years after the passage of the Transportation Act, it was repugnant to the provision of section 206 (a) requiring such an action to be instituted not later than two years after the passage of the Act." To the same effect, see Mellon, Agt., v. Wei___ ___m'r, 270 U. S. 565, 46 S. Ct. 378, 70 ___ ___. See, also, United States v. Martin___, 195 U. S. 469, 25 S. Ct. 80, 49 L. ___. Parker v. New England Oil Corp'n ___ 13 F.(2d) 497; Herbert v. Payne (C.___ 291 F. 555, 558. Compare Davis v. P___ Adm'x, 280 U. S. 406, 50 S. Ct. 171, 74 L___ 514.

In Herbert v. Payne, supra, the co___ says: "It must be true that when a party ___ first brought into a case and given opportunity to make defense the case is commenced then as to him, and if he is the only defendant it is the commencement of a new case."

These considerations lead irresistibly to the conclusion that the substitution of Nichols by amendment was as to him the commencement of the suit; and, as the suit was not commenced within the statutory period of limitation, it must be abated.

The answer in abatement is accordingly sustained.