**PROVIDENT TRUST CO. OF PHILADELPHIA et al. v. UNITED STATES of America.**

No. 18396.

District Court, E. D. Pennsylvania.

Jan. 18, 1937.

Morgan, Lewis & Bockius, of Philadelphia, Pa., for plaintiffs.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.

MARIS, District Judge.

The question raised in this case is whether the suit was begun within the period required by the applicable statute of limitations. The suit was for the recovery of an internal revenue tax which the plaintiffs claim to have been erroneously or illegally assessed and collected. They filed claims for the refund thereof with the Commissioner of Internal Revenue which were disallowed on February 10, 1933. The applicable statute (section 3226, R.S., as amended 26 U.S.C. §§ 1672–1673 [26 U.S.C.A. §§ 1672–1673]), provides that suits for the recovery of such taxes shall not be begun after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of the notice of the disallowance of the claim for refund. In this case a writ of summons in assumpsit was issued by this court on December 29, 1934, and on the same date it was served upon the United States Attorney. A statement of claim or petition, however, was not filed in the suit until May 23, 1936, which was more than two years after notice of the disallowance of the claim had been mailed.

The question is thus seen to be whether a suit against the United States for the recovery of internal revenue taxes may be begun in this district by the issuance of a summons, or whether it is necessary to begin such a suit by filing a petition stating the plaintiff's claim. This question was answered by this court in Mill Creek & Minehill Nav. & R. Co. v. United States, 246 F. 1013, in favor of the contention of the plaintiffs. After a careful re-examination of the question, we see no reason to depart from the rule announced in that case, particularly since it has been followed for nearly twenty years in this district. However, in view of the earnest argument presented on behalf of the United States, we will again set forth the reasons for our conclusion.

The jurisdiction of this court in such cases is conferred by section 41, par. 20, of the United States Code, title 28 (28 U.S.C.A. § 41 (20), commonly known as the Tucker Act, the material part of which is as follows: "(20) Suits against United States. Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, and of all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court; and of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced."

Sections 761, 762, and 763 of title 28 of the United States Code (28 U.S.C.A. §§ 761–763), which regulate the procedure in such cases, are as follows:

"§ 761. Proceedings in suits against United States. The course of procedure for the district courts and the court of claims in cases under section 41, paragraph 20, and section 250 of this title, in so far as applicable and not inconsistent with sections 762 to 765, and the procedure prescribed for the court of claims shall be in accordance with the established rules of said respective courts, and of such additions and modifications thereof as said courts may adopt."

"§ 762. Petition in suit against United States. The plaintiff in any suit brought under the provisions of section 41, paragraph 20, of this title shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law."

"§ 763. Same; service; appearance by district attorney. The plaintiff shall cause a copy of his petition filed under section 762 of this title, to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the Government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the Government, and to file a notice of any counterclaim, set-off, claim for damages, or other demand or defense whatsoever of the Government in the premises. Should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises; but the plaintiff shall not have judgment or decree for his claim,

or any part thereof, unless he shall establish the same by proof satisfactory to the court."

It will be observed that by section 761 the course of procedure in such cases is prescribed to be in accordance with the established rules of the court with such additions and modifications as it may adopt, in so far as applicable and not inconsistent with sections 762 to 765. The provisions of section 765 refer to proceedings after judgment and are not here material. Section 762 provides that the plaintiff in any suit brought under the provisions of section 41, par. 20, shall file a petition setting forth a statement of his claim. The established rules of precedure in actions at law in this court, under the Conformity Act, provide for the commencement of actions at law by the issuance by the court of a writ of summons. This is, therefore, the procedure to be followed under section 761 in a suit against the United States unless it is inconsistent with the requirements of section 762. That section, however, does not expressly stipulate that the plaintiff shall commence his suit against the United States by filing a petition. It merely provides that "in any suit brought under the provisions of section 41, paragraph 20," he shall file a petition. We can only construe this language to mean when applied to such proceedings in this court that in any suit brought in accordance with the established rules of procedure of this court, that is, in the case of an action at law by the issuance of a summons, the plaintiff shall file a petition in the nature of a statement of claim which shall be served upon the United States Attorney and the Attorney General as provided in section 763.

The statute of limitations, however, by its terms requires only that a suit be begun within the period limited, not that the pleadings shall be filed within that period. Hence we hold in conformity with our opinion in Mill Creek & Minehill Nav. & R. Co. v. United States, supra, that the plaintiffs' suit is not barred by the statute. We need only add that our conclusion finds support ·in the opinions of other courts, Bennett Day Importing Co. v. United States (D.C.) 8 F.(2d) 83; Miller v. United States (D.C.) 13 F.Supp. 684, and that a number of cases cited by the United States as authority for a contrary rule are clearly distinguishable on their facts.

The questions of law are decided against the defendant, with leave to file a supplemental affidavit of defense within sixty days.