**PHŒNIX STATE BANK & TRUST CO. v. BITGOOD, Acting Collector of Internal Revenue.**

No. 3741.

District Court, D. Connecticut.

July 21, 1939.

Halloran & Sage, of Hartford, Conn. (Robert L. Halloran, of Hartford, Conn., and Henry E. Shannon, Jr., of Bridgeport, Conn., of counsel), for plaintiff.

Sewall Key, Acting Asst. Atty. Gen., Andrew D. Sharpe and Lyle M. Turner, Sp. Assts. to Atty. Gen., and Robert P. Butler, U. S. Atty., of Hartford, Conn., for defendant.

MOSCOWITZ, District Judge.

This is a motion by the plaintiff to substitute the United States as sole party defendant in lieu of the present defendant. On or about March 10, 1931, the plaintiff, executor and trustee of the Estate of Rollin J. Plumb, filed an income tax return for the Rollin J. Plumb Trust showing a tax due of $19,519.93. This sum was paid in quarterly installments between March 10, 1931, and December 15, 1931.

On May 19, 1933, the plaintiff filed with the then Collector of Internal Revenue for the District of Connecticut, Robert O. Eaton, a claim for refund in the sum of $11,752.92. Mr. Eaton served as Collector from July 1, 1921, to August 27, 1933. On October 24, 1934, the claim for refund was disallowed and notice thereof sent to the plaintiff. On November 14, 1934, Mr. Eaton died.

On May 20, 1935, the plaintiff erroneously filed suit against the defendant, A. Don Bitgood, then Acting Collector of In-

900

ternal Revenue, to recover the $11,752.92 as set forth in the claim for refund. In order to correct this error of naming the wrong party defendant, the plaintiff now seeks to substitute the United States.

The substitution of one Collector for another who has been erroneously sued constitutes the commencement of a new cause of action. Third National Bank & Trust Co. v. White, D.C., 58 F.2d 411; Toledo Rys. & Light Co. v. McMaken, D. C., 17 F.Supp. 338; see 5 Paul & Mertens, Law of Federal Income Taxation (1934) Sec. 51.69; cf. Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129. Similarly, this motion to substitute the United States is, in effect, the attempted commencement of a new cause of action. Moreover, being an action against the United States, it must be commenced with the requisite formalities prescribed for such actions. See Rule 4(d) (4) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Unfortunately for the plaintiff, this attempt to commence a new cause of action comes at a time when the Statute of Limitations has run. While the plaintiff bases its authority for bringing an action against the United States in the District Court on the provisions of 28 U.S. C.A. § 41(20), the six year limitation prescribed therein must yield before the more specific limitation of two years found in 26 U.S.C.A. §§ 1672–1673. Actions against the United States under 28 U.S.C.A. § 41 (20) for internal revenue taxes erroneously collected have been held to be subject to the shorter time limitation. Moses v. United States, 2 Cir., 61 F.2d 791, certiorari denied, 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490; see also United States v. Clarke, 3 Cir., 69 F.2d 748, 94 A.L.R. 975, certiorari denied, 293 U.S. 564, 55 S. Ct. 75, 79 L.Ed. 664; Provident Trust Co. of Philadelphia v. United States, D.C., 17 F.Supp. 849. It follows, therefore, that the plaintiff's motion must be denied.

While it may seem harsh to deprive the plaintiff of its remedy because of what may have been an innocent error in commencing its action against the wrong party, yet the sovereign has stated the conditions upon which it consents to be sued and it does not lie within the power of the Court to alter this situation. The appeal at this time is to the Congress rather than to the Courts.

Motion denied. Settle order on notice.