**ROYAL WORCESTER CORSET CO. v. WHITE, Former Collector of Internal Revenue, et al.**

**No. 650.**

District Court, D. Massachusetts.

April 4, 1941.

Joseph F. Dillman, of Worcester, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

This action is brought against Collectors of Internal Revenue to recover floor taxes paid under the provisions of the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq. (hereinafter referred to as "A.A.A."), later declared unconstitutional. United States v. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Defendants have moved to dismiss on the ground that section 910 of the Revenue Act of 1936 withdrew from this court jurisdiction to entertain actions to recover floor taxes brought against collectors. This section reads as follows:

"No collector of internal revenue * * * shall be in any way liable to any person for any act done by him in the assessment or collection of any amount as tax under the Agricultural Adjustment Act [this chapter], or for the recovery of any money exacted by or paid to him and paid into the Treasury, in performance of his official duties under the provisions of such Act, or if such collector * * * acted under the direction of the Secretary or other proper officer of the Government."

The validity of this section was upheld in Anniston Manufacturing Co. v. Davis, Collector, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

It is contended by plaintiff that by reason of section 911 of the Revenue Act of 1936, the above provisions do not apply to a suit to recover the floor tax. Section 911 provides that the provisions of Title VII (Refunds of Amounts Collected under A.A. A.) shall not apply to refunds authorized under the provisions of sections 15, 16 and 17 of the Act. Section 16 relates to refunds of floor tax under certain circumstances, but I cannot see that plaintiff's case is aided by section 911. It is not shown that plaintiff is seeking to recover any refund authorized by section 16. The only ground for recovery alleged is the unconstitutionality of the Act under which the tax was exacted and paid.

The Revenue Act of 1936, however, respecting the floor tax saved to the taxpayer a remedy by suit against the United States.

See Anniston Manufacturing Co. v. Davis, supra.

The plaintiff has asked, if the action against the Collectors cannot be retained, that it be allowed to amend by substituting the United States as party defendant. It is now too late to bring a new action. Other reasons appeared, off the record, which would call for an exercise in favor of the plaintiff of any discretion which the court may have in the premises. A question arises whether the court has power to now allow such an amendment. It has been held here, and in other districts, that the substitution of one collector for another constituted the commencement of a new action, and although a new action was barred by limitation the amendment could not be allowed. Third National Bank & Trust Co. of Springfield, Mass., v. White, Collector, D.C., 58 F.2d 411; Toledo Rys. & Light Co. v. McMaken, Collector, D.C., 17 F.Supp. 338.

It has been said that the same would be true when the substitution of the United States for a collector is attempted. Phœnix State Bank & Trust Co. v. Bitgood, D.C., 28 F.Supp. 899.

I am not convinced, however, that this conclusion necessarily follows. In Butler v. Carney, 17 F.Supp. 133, this court expressed the opinion that a suit against the collector was essentially a suit against the United States. As was stated in Moore Ice Cream Co., Inc., v. Rose, Collector, 289

72

U.S. 373, at page 383, 53 S.Ct. 620, 77 L. Ed. 1265, the presence of the collector as defendant was "merely a remedial expedient for bringing the Government into court."

In Adders v. United States, D.C., 5 F. Supp. 457, the court held that the substitution of the United States for the Emergency Fleet Corporation was merely substituting the principal for the agent and effected no change of parties since any recovery would be paid by the United States.

Enough has been stated to indicate that the power of the court to allow a motion to amend by substituting the United States for the Collectors as defendant is not sufficiently clear to warrant action on it without further hearing when parties may argue and brief the question.

The plaintiff, if so advised, may file a motion to amend which will be set down for hearing at some convenient date. If such a motion is not filed within fifteen days, defendants' motion to dismiss will be allowed; otherwise, disposition of the motion to dismiss will await the outcome of the motion to amend.