**ROYAL WORCESTER CORSET CO. v. WHITE, Former Collector of Internal Revenue, et al.**

Civil Action No. 650.

District Court, D. Massachusetts.

July 31, 1941.

Joseph F. Dillman, of Worcester, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

This action is to recover floor taxes paid to defendants as Collectors of Internal Revenue under compulsion of a law later declared unconstitutional. Defendants have filed a motion to dismiss on the ground that the court was without jurisdiction to entertain a suit against a collector of internal revenue by reason of sec. 910 of the Revenue Act of 1936, 7 U.S.C.A. § 652. This motion was heard and an opinion rendered in Royal Worcester Corset Co. v. White, Former Collector of Internal Revenue, et al., D.C., 38 F.Supp. 70. The Revenue Act of 1936 (Sec. 905, 7 U.S.C.A. § 647), however, saved to one paying a floor tax a right to sue the United States. Anniston Manufacturing Co. v. Davis, Collector of Internal Revenue, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

The plaintiff has now moved to amend its complaint by substituting as party defendant the United States, in place of the Collectors. The action was seasonably brought when the complaint was filed. When the motion to amend was filed, it was too late to institute a new suit against the United States. The question presented is whether the court has power to allow the motion to amend.

The right to sue a collector to recover duties or taxes alleged to have been unlawfully exacted has received the consideration of the federal courts in many cases. The historical background has been presented in several of them, and need not be here retraced. It will be sufficient to cite Smietanka, Coll., v. Indiana Steel Company, 257 U.S. 1, 4, 5, 42 S.Ct. 1, 66 L.Ed. 99, and Moore Ice Cream Co., Inc., v. Rose, Coll., 289 U.S. 373, 380, 53 S.Ct. 620, 77 L.Ed. 1265.

Whether the collector's liability is derived from the common law or is wholly statutory is a question regarding which there appears to be some confusion in the authorities. There are cases that indicate that the liability is based on common law doctrines, or such doctrines modified by statute, City of Philadelphia v. The Collector, 5 Wall. 720, 731, 18 L.Ed. 614; Patton v. Brady, Ex'x, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713; Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828; Smietanka, Coll. v. Indiana Steel Company, supra; while on the other hand there are those which hold that the right of action given by the common law has been taken away by statute. Cary v. Curtis, 3 How. 236, 11 L.Ed. 576; The Collector v. Hubbard, 12 Wall. 1, 20 L.Ed. 272; Schoenfeld v. Hendricks, 152 U.S. 691, 14 S.Ct. 754, 38 L.Ed. 601; Arnson v. Murphy, Coll., 109 U.S. 238, 3 S.Ct. 184, 27 L.Ed. 920.

In Moore Ice Cream Co. v. Rose, Coll., supra [289 U.S. 373, 53 S.Ct. 623, 77 L.Ed. 1265], Mr. Justice Cardozo, speaking for the Court, said that a suit against a collector who had acted in the performance of a ministerial duty was a "relic of bygone modes of thought" and that "his presence as a defendant is merely a remedial expedient for bringing the government into court."

However, the weight of authority would appear to support the rule that while the statutes governing suits for refunds may not have entirely swept away the common law liability of a collector whose wrongful acts, as such collector, have injured a plaintiff, the present procedure for recovering, by suit, against a collector, taxes not lawfully due, is a statutory remedy. Anniston Mfg. Co. v. Davis, Coll., 5 Cir., 87 F.2d 773; Wilkes Barre Lace Mfg. Co. v. Mundy, D.C., 18 F.Supp. 65; Butler v. Carney, D.C., 17 F.Supp. 133. This remedy may be subject to conditions imposed by Congress, Tucker v. Alexander, Coll., 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253; United States v. Felt &

Tarrant Mfg. Co., 283 U.S. 269, 272, 51 S. Ct. 376, 75 L.Ed. 1025; and may be withdrawn if a fair and adequate administrative remedy is provided. Anniston Mfg. Co. v. Davis, Coll., 301 U.S. 337, 342, 57 S.Ct. 816, 81 L.Ed. 1143.

■ Notwithstanding all this, the courts have consistently regarded the liability as personal. Sage v. United States, supra; Smietanka, Coll. v. Indiana Steel Co., supra; Graham & Foster v. Goodcell, 282 U.S. 409, 430, 51 S.Ct. 186, 75 L.Ed. 415; Tait, Coll., v. Western Maryland Railway Co., 289 U.S. 620, 627, 53 S.Ct. 706, 77 L. Ed. 1405; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 84 L.Ed. 1263; Lowe Bros. Co. v. United States, 304 U.S. 302, 305, 58 S.Ct. 896, 82 L.Ed. 1362. It is to be noted that three of the last cited cases were subsequent to Moore Ice Cream Co., Inc., v. Rose, Coll., supra.

The courts have accorded to this liability of a collector certain attributes indicative of a personal rather than an official liability. Thus, the liability does not attach to his office and pass to his successor except as provided by statute. Smietanka, Coll., v. Indiana Steel Co., supra. It does not abate upon his death. An action may be revived against his personal representative. Patton v. Brady, supra; Lowe Bros. Co. v. United States, supra. A judgment against a collector is not res adjudicata against the United States. Sage v. United States, supra; Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Tait, Coll., v. Western Maryland Railway Co., supra, 289 U.S. at page 627, 53 S.Ct. 706, 77 L.Ed. 1405.

In Sage v. United States, supra [250 U. S. 33, 39 S.Ct. 416, 63 L.Ed. 828], Mr. Justice Holmes observed that: "No one could contend that technically a judgment of a District Court in a suit against a collector was a judgment against or in favor of the United States. It is hard to say that the United States is privy to such a judgment or that it would be bound by it if a suit were brought in the Court of Claims. The suit is personal * * *." The incidents of a suit against a collector differ from those of a suit against the United States, such as the nature of the defenses open and the allowance of interest. Sage v. United States, supra, 250 U.S. at page 37, 39 S.Ct. 415, 63 L.Ed. 828; Sunshine Anthracite Coal Co. v. Adkins, supra, 310

U.S. at page 403, 60 S.Ct. 907, 84 L.Ed. 1263.

■ Further light may be shed upon the issue presented by considering the statute exonerating the collector when the court has certified that there was probable cause for the act done by him. 28 U.S.C.A. § 842.

The effect of this certificate is to convert a suit against the collector into a suit against the Government, Moore Ice Cream Co., Inc., v. Rose, Coll., supra, 289 U.S. at page 381, 53 S.Ct. 620, 77 L.Ed. 1265, and until such certificate is given, the Government assumes no liability. Sage v. United States, supra, 250 U.S. at page 37, 39 S. Ct. 415, 63 L.Ed. 828; United States v. Sherman, 98 U.S. 565, 567, 25 L.Ed. 235; Schell v. Cochran, 107 U.S. 625, 627, 2 S. Ct. 827, 27 L.Ed. 543; Smietanka, Coll., v. Indiana Steel Co., supra; Mellon v. United States, 59 App.D.C. 149, 36 F.2d 609; Huntley, Coll., v. Southern Oregon Sales, Inc., 9 Cir., 104 F.2d 153.

■ If to allow this amendment, which substitutes the United States for the Collectors, is to permit the institution of a new and independent suit against the United States after the period limited by statute for the bringing of such suit has expired, the allowance is not permissible. Davis, Agent, v. L. L. Cohen & Co., Inc., 268 U. S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Phœnix State Bank & Trust Co. v. Bitgood, D.C., 28 F.Supp. 899; Third National Bank & Trust Co. of Springfield v. White, Coll., D. C., 58 F.2d 411; Toledo Railways & Light Co. v. McMaken, D.C., 17 F.Supp. 338.

■ It is difficult to see how it can be successfully contended that a suit against the United States was instituted when the complaint against the Collectors was filed. The liabilities of the two are not identical. There is no common genesis or identity of incidents. In the circumstances presented, the substitution of the United States for the Collectors would amount to the bringing of a new suit against the United States. Herbert v. Payne, 8 Cir., 291 F. 555.

The foregoing compels the conclusion that the amendment ought not to be allowed, not as a matter of discretion, but on the principle that the United States cannot be sued after the statute of limitation has run.

The motion to amend is denied and, of course, the motion to dismiss will be allowed.