## UNITED STATES v. REEVES BROS. CO.
### No. 6914.

Circuit Court of Appeals, Sixth Circuit.
April 8, 1936.

Joseph M. Jones, of Washington, D. C. (Frank J. Wideman and John McC. Hudson, both of Washington, D. C., and E. B. Freed and E. L. Foote, both of Cleveland, Ohio, on the brief), for the United States.

John E. Hughes, of Chicago, Ill. (William Cogger, of Washington, D. C., on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Appellee filed with the collector of internal revenue for the appropriate district corporation income and excess profit tax returns for the years 1917, 1918, and 1919 and paid the taxes shown therein to be due. After auditing the returns, the Commissioner of Internal Revenue determined that additional taxes were due from the appellee for the year 1917, but that there had been overassessments for the years 1918 and 1919. The appellee was notified by the Commissioner that a certificate of overassessment for 1918 and 1919 for the amounts he had determined would be issued through the office of the collector for the appellee's district and would be applied by that officer in accordance with the provisions of section 252 of the Revenue Act of 1921 (42 Stat. 227, 268, c. 136). On March 29, 1924, the Commissioner signed "a schedule of overassessments" showing the overassessments for 1918 and 1919. On the schedule he instructed the collector to apply payments that had been made on the overassessments as credits against taxes due from the taxpayer. The collector complied with the instruction and returned the schedule to the Commissioner, who, on May 6, 1924, authorized the disbursing clerk of the Treasury Department to apply the overpayments for 1918 and 1919 to the tax for 1917. At that time the collection of the 1917 tax was barred. Claiming that the credit amounted to an overpayment of 1917 taxes, the appellee brought suit against Routzahn, the collector, to recover it. We held in Routzahn v. Reeves Bros. Co., 59 F.(2d) 915, that the crediting of the overpayments to the 1917 tax amounted to the payment of the tax, but we also held that it could not be recovered from Collector Routzahn because he had not received or collected it. Thereafter the appellee brought this suit against the United States in the District Court for the Northern District of Ohio to recover it as an overpayment of 1917 taxes.

The suit is not on an account stated (cf. Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018), nor to recover an overpayment of taxes for the years 1918 and 1919, but to recover a sum illegally collected from the appellee as a 1917 tax. The trial court allowed a recovery and entered judgment accordingly.

The claim is for a tax in excess of $10,-000. The government raises a question of the jurisdiction of the District Court to entertain a suit to recover it. Jurisdiction of the court, if it existed, must be found in section 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), which gives to District Courts concurrent jurisdiction with the Court of Claims of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, and of any suit or proceeding commenced after the passage of the Revenue Act of 1921 for the recovery of any internal revenue tax alleged to have been erroneously, or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue

122

laws "even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced."

Under this statute the jurisdiction of a District Court, in a suit to recover a tax in excess of $10,000 erroneously or illegally collected by the government depends on whether the tax was collected by a collector of internal revenue who at the time the suit is commenced is dead or is not in office. Routzahn is the present collector for the district in question. The tax was collected by the application thereto of money already in the hands of Treasury officials. It was not collected by a collector of internal revenue. When the funds applied to the tax came into the possession of the Treasury, they passed, it is true, through the hands of a collector for the district, Routzahn's predecessor, who is not now in office, but they passed through his hands as taxes for 1918 and 1919 and not as 1917 taxes. After reaching the Treasury in this manner, they were held by the Treasury officials until May 6, 1924, when the Commissioner of Internal Revenue authorized their application to the deficiency in the appellee's 1917 taxes. This act collected the tax for 1917, the tax which the appellee is here seeking to recover as an overpayment for that year. United States v. Swift & Co., 282 U.S. 468, 51 S.Ct. 202, 75 L.Ed. 464. It was an act of the Commissioner, a collection by the Commissioner, and not by Routzahn's predecessor in office, through whose hands the funds had passed to the Treasury for other purposes.

The jurisdiction conferred on District Courts to hear and determine suits against the United States for the recovery of an illegally or erroneously exacted tax in excess of $10,000 is plainly limited by the statute to cases where the tax was collected by a collector of internal Revenue who is dead or out of office. It is quite as essential to the jurisdiction that the tax was collected by a collector of internal revenue as, where so collected, that he be dead or out of office. Here the tax was not collected by a collector of internal revenue, and a United States District Court has no jurisdiction of an action to recover it. See Moses v. United States, 61 F.(2d) 791 (C.C.A. 2).

The judgment is reversed, and the cause remanded, with instruction to dismiss the petition.