WILBUR, Circuit Judge.

The petition for the allowance of the appeal herein was granted by the District Judge. The appellee moves to dismiss the appeal because it was not allowed by this court, as required by Bankruptcy Act, § 24b, as amended, U.S.C.A. § 48(b), for an appeal from a proceeding in bankruptcy. The appellant claims that the appeal is from a controversy in bankruptcy, and hence properly allowed by the District Judge. The order appealed from is dated April 10, 1937, and dissolves an injunction issued in a bankruptcy proceeding begun under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. The injunction which was dissolved enjoined the Spinks Realty Company from enforcing a judgment of the state court in an unlawful detainer action affecting the principle asset of the bankrupt. The injunction granted was one for the protection of the jurisdiction of the bankruptcy court as against the action of the state court. It was clearly a proceeding in bankruptcy designed to prevent outside interference with the assets of the bankrupt. It did not decide those rights either by the order of injunction or by the order dissolving it. The only controversy involved was as to the right of possession of the real estate involved. That controversy was settled in the state court by the judgment in the unlawful detainer action rendered before the bankruptcy proceedings were instituted, but the institution of the proceedings in bankruptcy gave the bankruptcy court supervisory jurisdiction over the process of the state court in furtherance of the settlement of the bankrupt estate.

The issuance of such an injunction and its revocation were orders made in a proceeding and not a controversy in bankruptcy. The decided cases we cite below so hold either directly or by necessary implication. Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557; Capital Endowment Co. v. Kroeger (C.C.A.) 86 F.(2d) 976; Holmes v. Davidson (C.C.A.9) 84 F.(2d) 111; Credit Alliance Corp. v. Atlantic, Pacific & Gulf Ref. Co. (C.C.A.8) 77 F.(2d) 595; In re Torgovnick (C.C.A.2) 49 F.(2d) 211; Continental Ill. N. B. & T. Co. v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110.

Appeal dismissed.

Before SIMONS and ALLEN, Circuit Judges, and DRUFFEL, District Judge.

Dolle, O'Donnell & Cash, of Cincinnati, Ohio, and John E. Hughes, of Chicago, Ill., for appellant.

Francis C. Canny, of Cincinnati, Ohio, for appellee.

PER CURIAM.

The appellant sought to recover a sum in excess of $10,000 collected by the Commissioner of Internal Revenue in one year by way of a credit on the taxes for that year of an overpayment declared in respect to taxes for another year. The District Court sustained a motion for judgment on behalf of the appellee upon the ground that the application to the barred deficiency tax for the year 1917 of a credit in the sum of $11,239.14 arising from overpayment of tax for the year 1918 is void and consequently does not constitute an overpayment of tax for the year 1917 under the provisions of section 607 of the Revenue Act of 1928, 26 U.S.C.A. § 1670(a) (2), by reason of the restrictive features of section 609 of such act, 26 U.S.C.A. § 1675.

This ruling constituted error. United States v. John Gallagher Co., 83 F.(2d) 368 (C.C.A.6).

On the issue of the jurisdiction of the District Court to entertain the suit under section 24 of the Judicial Code, as amended (28 U.S.C.A. § 41), the order must be affirmed.

In United States v. Reeves Bros. Co., 83 F.(2d) 121, we held that the jurisdiction conferred upon District Courts to hear and determine suits against the United States for the recovery of an illegally or erroneously exacted tax in excess of $10,000 is limited to cases where the tax was collected by a collector of internal revenue who is dead or out of office, and that it was as essential to the jurisdiction that the tax was collected by a collector as, where so collected, that he be dead or out of office. Here, as there, the tax was not collected by a collector, and the court has no jurisdiction. Moses v. United States, 61 F.(2d) 791 (C.C.A.2).

United States v. Piedmont Mfg. Co. (C. C.A.) 89 F.(2d) 296, is cited in opposition to this view, and we are asked to reconsider and reverse. We are unable to view the Piedmont decision as persuasive of error in the Reeves Case, since the collector in the Reeves case was still in office when the suit was commenced, in consequence of which the Supreme Court failed to recognize a conflict between the two decisions, as is shown by its denial of the petition for rehearing of the denial of the writ of certiorari in United States v. Reeves Bros. Co., supra. 57 S.Ct. 920, 81 L.Ed. ——.

The judgment below dismissing the petition is affirmed for lack of jurisdiction in the District Court to entertain it.

In re **KLUTER.**

Patent Appeal No. 3837.

Court of Customs and Patent Appeals.

Dec. 6, 1937.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and G. W. Daisley, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C.,