LOWE BROTHERS CO. *v.* UNITED STATES.

No. 864. Argued April 29, 1938.—Decided May 16, 1938.

Mr. *John E. Hughes,* with whom Mr. *William Cogger* was on the brief, for petitioner.

Mr. *A. F. Prescott,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and Mr. *Sewall Key* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

The question for decision is whether the district courts of the United States have jurisdiction, under § 24 (20) of the Judicial Code, of a suit brought against the United States to recover income and excess profits taxes in an amount in excess of $10,000 when the recovery sought is of an overpayment of taxes for one year, effected by crediting against a barred deficiency for that year an overpayment for another year.

Petitioner[1] overpaid income and excess profits taxes for 1918. The commissioner, on May 15, 1924, signed a schedule of overpayments by which he approved a credit as of April 24, 1924 of a part of the 1918 overpayment, in an amount exceeding $10,000, against a tax deficiency of petitioner for 1917, the collection of which was then barred by the statute of limitations. The collector in office in 1924, when the credit was allowed, having retired, petitioner brought the present suit against the United States, in the district court of southern Ohio, to recover the amount of the credit. The petition alleges overpayment of the 1917 tax by reason of the credit, and demands its recovery. Petitioner has neither alleged nor proved any claim for refund of the 1918 overpayment, recovery of which, without such claim, was barred by limitation.

The trial court, construing the suit as one to recover an overpayment of 1917 taxes, as petitioner conceded in open court, gave judgment dismissing the petition on the ground that the credit of the 1918 overpayment upon the barred deficiency for 1917 was not a payment of the

_____

[1] As petitioner stands in the place of its corporate predecessor by virtue of a merger, and as their rights and interests in the present suit may be treated as identical, both will be referred to as "petitioner."

1917 tax since the credit is "void" under the applicable sections, 607 and 609, of the Revenue Act of 1928. The Court of Appeals for the Sixth Circuit affirmed on a different ground, holding that the district court was without jurisdiction, under the provisions of § 24 (20) of the Judicial Code, 28 U. S. C. § 41 (20), which confers jurisdiction on the district court of suits against the United States to recover taxes erroneously assessed or collected in excess of $10,000, only if the collector by whom the tax was collected is dead or is not in office when the suit is brought. 92 F. 2d 905. We granted certiorari, upon a petition presenting the single question of the jurisdiction of the district court, in order to resolve an asserted conflict between the decision below and that of the Court of Appeals for the Fourth Circuit in *United States* v. *Piedmont Mfg. Co.*, 89 F. 2d 296.

The Court of Appeals, following *United States* v. *Piedmont Mfg. Co.*, *supra*, and its own decision in *United States* v. *John Gallagher Co.*, 83 F. 2d 368, thought that the credit of the 1918 overpayment of the 1917 tax was not void, but voidable only at the election of the taxpayer and was consequently an overpayment of 1917 taxes for which recovery might be had in a court having jurisdiction. But following its own decision in *United States* v. *Reeves Bros. Co.*, 83 F. 2d 121, and that of the Court of Appeals for the Second Circuit in *Moses* v. *United States*, 61 F. 2d 791, it held that the district court was without jurisdiction because the collection of the 1917 tax, effected by the allowance of the credit, was not made by a collector and thus did not satisfy the jurisdictional requirement.

The Court of Claims has jurisdiction of suits against the United States brought to recover internal revenue taxes erroneously collected without regard to the amount involved. § 145 J. C., 28 U. S. C., § 250. Before the

amendment of 1921, c. 136, 42 Stat. 311 (continued by Revenue Act of 1924, 43 Stat. 348, and, so far as now material, in the Revenue Act of 1926, 44 Stat. 121), § 24 (20) of the Judicial Code gave jurisdiction to the district courts, concurrent with the Court of Claims, of suits against the United States to recover "claims not exceeding ten-thousand dollars founded upon . . . any law of Congress . . . or upon any contract, express or implied, with the Government of the United States . . ." C. 231, 36 Stat. 1093. Both before and after the amendment, district courts also had jurisdiction of suits against a collector of internal revenue brought to recover, in any amount, internal revenue taxes which he had erroneously collected. § 24 (5) J. C., 28 U. S. C. § 41 (5). Such suits brought against the collector survive his retirement from office and do not abate upon his death. Patton v. Brady, 184 U. S. 608; Smietanka v. Indiana Steel Co., 257 U. S. 1; Union Trust Co. v. Wardell, 258 U. S. 537.

By the amendment of § 24 (20) the jurisdiction of district courts was extended so as to embrace suits against the United States to recover taxes "even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax . . . was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced." Since the suit allowed against the collector before the amendment was based on his personal liability, Sage v. United States, 250 U. S. 33; Smietanka v. Indiana Steel Co., supra, no such suit will lie unless he has collected the tax. The obvious purpose of the amendment was to permit a substitution of a suit against the United States for the suit previously allowed against the collector whenever the amount claimed exceeds $10,000 and the collector is out of office. This is made evident by the words of the amendment which authorize the substitution only when the collection is made by the collector when in office.

As we think it plain that no suit could have been maintained against the collector to recover the alleged overpayment, it follows that the district court was without jurisdiction to entertain the present suit. If the 1917 tax can be said to have been collected at all, as to which we express no opinion, it was collected by the action of the commissioner in crediting against the 1917 deficiency the 1918 overpayment. In 1924, the year of the claimed overpayment, the collector received no overpayment of petitioner's tax for any year. If the 1917 taxes were then collected it was by virtue of the application to the 1917 deficiency of moneys already in the treasury. The collector was without authority to make such application. It was the commissioner's approval of the schedule of overpayments which was effective for that purpose. *Girard Trust Co.* v. *United States,* 270 U. S. 163, 170, 171; *United States* v. *Swift & Co.,* 282 U. S. 468. The certification of the overpayment by the collector to the commissioner, a mere ministerial act, could subject the collector to no personal liability.

It is true that under the statutes of the United States the collector is relieved from personal liability except in the case where the district court is of opinion that he acted without probable cause, *Sage* v. *United States, supra,* 37, and that such suits against the collector are commonly but a means of collecting the overpayment from the United States. *Moore Ice Cream Co.* v. *Rose,* 289 U. S. 373, 382. But no statute has enlarged the collector's common law liability to suit, and we cannot ignore the words of the amendment of § 24 (20) which, in providing for a suit against the United States in lieu of one against the collector, make collection by him the *sine qua non* of jurisdiction.

*Graham & Foster* v. *Goodcell,* 282 U. S. 409, did not deal with the point here considered. The only one of the several cases decided there involving a credit of an over-

payment for one year against a deficiency for another, *Boston Pressed Metal Co.* v. *United States,* was a suit brought in the Court of Claims for less than $10,000.

*Affirmed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.