**STANDARD RICE CO., Inc., v. SCOFIELD, Collector of Internal Revenue.**

No. 40.

District Court, W. D. Texas, San Antonio Division.

May 20, 1939.

Fulbright, Crooker & Freeman, of Houston, Tex., John C. White, of Washington, D. C., and Carl G. Stearns, of Houston, Tex., for plaintiff.

William R. Smith, Jr., U. S. Atty., and Henry W. Moursund, Asst. U. S. Atty., both of San Antonio, Tex., and John E. Garvey, Sp. Asst. to Atty. Gen., for defendant.

McMILLAN, District Judge.

In this case, plaintiff, a processor of rice, paid the Collector the processing taxes claimed to be due with tax payment war-

rants provided for by Section 8 of the amended Agricultural Adjustment Act, 7 U.S.C.A. § 608. A small amount of the tax was paid in cash but to what extent it constituted payment upon rice which was afterwards exported is not disclosed by the evidence.

Plaintiff, after these payments to the Collector, exported a part of the rice covered by these processing taxes. It now brings suit against the Collector to recover the amount of tax claimed to have been paid, basing its action upon Section 17(a) of the Agricultural Adjustment Act, as re-enacted by Section 601 of the Revenue Act of 1936, 7 U.S.C.A. § 617(a). The Collector, asserting that this is not a case in which any personal liability could possibly exist against him, contends that the suit is improperly brought. He further asserts that under subdivision (b) of Section 601, supra, plaintiff, being a processor or other person who paid or was liable for the tax, is not entitled to a refund.

It is the court's opinion that the first contention is well founded. The plaintiff here was furnished by the Government with tax payment warrants as an indirect way in which to exempt it from the payment of processing taxes on rice. These warrants were to be accepted by the Collector in lieu of money. Furthermore, by virtue of Section 17(a), it was given a bonus or subsidy to the extent of the tax supposed to have been paid on such rice as was exported. At the time it gave to the Collector these tax payment warrants no cause of action in its favor existed either against the Collector or the United States. Its cause of action, if such it has, arose by virtue of the subsequent exportation of the rice. Accordingly, the Collector has collected no money from the plaintiff, except about $52 which the evidence fails to satisfactorily connect with the exported rice. He has been guilty of no misfeasance or illegal or wrongful collection so far as the plaintiff is concerned. Accordingly, it is perfectly obvious that there is no ground existing for personal action against the Collector in a case of this kind. Under the decisions as they now stand, a suit against the Collector in a proper case is, of course, statutory rather than at common law. However, it must be predicated upon some element of personal responsibility, otherwise one Collector could be sued for the acts of another. That would be necessarily true if the Collector was simply the conduit through which any suit involving internal revenue matters might be brought against the United States.

The point about the matter is that plaintiff is really suing here not for money illegally exacted by the Collector, but for a bonus or subsidy or drawback promised by the United States to exporters of rice. I am aware that in such cases as Moore Ice Cream Company v. Rose, 289 U.S. 373, 53 S.Ct. 620, 623, 77 L.Ed. 1265, the courts have held that where the Collector has illegally exacted payment and covered the money into the Treasury and a certificate of probable cause has been issued, the suit is one in effect against the United States. However, I do not understand that it is the effect of those opinions that the Collector can be sued in any case where the United States is liable because some phase of the matter has been handled by the Collector's office. As said by the court in the Moore-Rose case, supra, "A suit against a collector * * * is to-day an anomalous relic of bygone modes of thought", but the fact still remains that a suit against him is personal in its nature. See Lowe Brothers Company v. United States, 304 U.S. 302, 58 S.Ct. 896, 898, 82 L.Ed. 1362, where the court, discussing the matter of jurisdiction in one of these internal revenue cases, says: "Since the suit allowed against the collector before the amendment was based on his personal liability, Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828; Smietanka v. Indiana Steel Co., supra [257 U.S. 1, 42 S.Ct. 1, 66 L. Ed. 99], no such suit will lie unless he has collected the tax." The amendment referred to was one allowing direct suit against the Government where the amount was over $10,000 and the Collector making the collection was dead or out of office.

Again in the same opinion, the court says: "It is true that under the statutes of the United States the collector is relieved from personal liability except in the case where the District Court is of opinion that he acted without probable cause, Sage v. United States, supra [250 U.S. at] page 37, 39 S.Ct. page 416 [63 L.Ed. 828], and that such suits against the collector are commonly but a means of collecting the overpayment from the United States. Moore Ice Cream Co. v. Rose,

289 U.S. 373, 382, 53 S.Ct. 620, 623, 77 L.Ed. 1265. But no statute has enlarged the collector's common-law liability to suit. * * *".

It will be noted that in this latest expression by the Supreme Court reference is made to the Sage case, where it is said [250 U.S. 33, 39 S.Ct. 416]: "But no one could contend that technically a judgment of a District Court in a suit against a collector was a judgment against or in favor of the United States. * * * The suit is personal and its incidents, such as the nature of the defenses open and the allowance of interest, are different." And to the Smietanka case, 257 U.S. 1, 42 S. Ct. 1, 2, 66 L.Ed. 99, where it is again said: "To show that the action still is personal, as laid down in Sage v. United States, 250 U.S. 33, 37, 39 S.Ct. 415, 63 L.Ed. 828, it would seem to be enough to observe that when the suit is begun it cannot be known with certainty that the judgment will be paid out of the Treasury. That depends upon the certificate of the Court in the case. It is not to be supposed that a stranger to an unwarranted transaction is made answerable for it; yet that might be the result of the suit if it could be brought against a successor to the collectorship. A personal execution is denied only when the certificate is given."

If an element of personal liability on the part of the Collector is not essential to the maintenance of a suit against him, despite the fact that he may be subsequently relieved by a certificate of probable cause, then these expressions by the Supreme Court are meaningless.

It is obvious that this is not one of the character of cases where the suit against the Collector is equivalent to a suit against the United States, for plaintiff's action here is based upon the Government's promise to pay and not upon any illegal or erroneous collection made by the Collector. When the plaintiff paid the Collector its processing taxes with these tax payment warrants, it had no claim against him or the Government. In fact it did not know it would ever have a claim for that was contingent on the exportation of the rice. Such claim as it acquired fell with the Agricultural Adjustment Act and was only revived as against the Government by the reenactment of Section 17(a). Unless the authorities have progressed to the point where it is now to be held that the Government can be sued in any kind of internal revenue case through its Collector, this suit is not maintainable. The Collector has done nothing here save to accept, under a void statute, some worthless warrants which cost the plaintiff nothing.

This view of the matter makes it unnecessary to consider the Collector's contention that the case of Cudahy Bros. Co. v. La Budde, 7 Cir., 92 F.2d 937, is incorrectly decided. The question decided here was not raised in the Cudahy case. There the court states at the outset that the suit was filed prior to the Supreme Court's decision holding the Agricultural Adjustment Act invalid and in a form admitted by the Collector to have been correct at the time the suit was begun. The court states that the sole question before it was whether the remedy provided by Title 7 of the Revenue Act of 1936, 7 U. S.C.A. § 644 et seq., was exclusive. In as much as the Collector admitted that the suit had been properly brought, the court obviously did not consider the question of parties, nor was the matter before the Supreme Court when it passed on the application for a writ. It will be noted, however, that in the Cudahy case the collection made by the Collector was made in cash and not in tax payment warrants.

In so far as it might be contended that regardless of the matter of exportation, the $52 cash was illegally collected because the Agricultural Adjustment Act was void, the tax payer is relegated now to Title 7 of the Revenue Act of 1936, where provision is made for the refund of such payments. Anniston Manufacturing Co. v. Davis, Collector of Internal Revenue, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143. Such a claim would, of course, not be based on 17(a), which constituted the Government's promise to refund taxes on exported rice.

The case will be dismissed at plaintiff's cost.