## KENTUCKY–TENNESSEE LIGHT & POWER CO. v. NASHVILLE COAL CO. et al.

### No. 151.

District Court, W. D. Kentucky, Louisville Division.

Feb. 23, 1944.

See also 37 F.Supp. 728.

Lynne A. Warren, of New York City, and James W. Stites, of Louisville, Ky., for plaintiff.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., Samuel O. Clarke, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Julian G. Gibbs, Sp. Assts. to Atty. Gen., for defendant.

MILLER, District Judge.

The plaintiff has recovered judgment against the defendant, Henry D. Fitch, in the amount of $176,364.03 and costs. An execution has been returned unsatisfied. The plaintiff thereupon filed an amended and supplemental complaint making Seldon R. Glenn, Collector of Internal Revenue for Kentucky, a party defendant and alleging that the Collector was asserting a lien or claim under the Internal Revenue Laws against certain monies and property of the defendant, which claims are junior to the claim of the plaintiff. It prays that the Collector be required to answer and to disclose the nature and amount of the claim and the property of the defendant in his custody or control and to surrender such property held by him for credit upon the plaintiff's judgment herein. The Collector has filed a motion to dismiss this amended and supplemental complaint.

The defendant relies chiefly upon the rule laid down in Boske v. Comingore, Col., 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846, and in Stegall v. Thurman, D.C., 175 F. 813. These decisions uphold the right of a federal employee, acting under regulations of the Secretary of the Treasury, to decline to testify as to facts contained in the records in their possession or coming to their knowledge by virtue of their official capacity. The rule appears now to be based on statutory authority. Section 55 (f) (1) of the Internal Revenue Code, Title 26 U.S.C.A., provides: "It shall be unlawful for any collector, deputy collector, agent, clerk, or other officer or employee of the United States to divulge or to make known in any manner whatever not provided by law to any person the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any income return, or to permit any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law." I do not believe that the rule or the statute is applicable to the present case. In both of the cases referred to the federal employee involved was called as a witness and declined to testify. That is essentially different from being a party to the suit where there is a contest between the plaintiff and the defendant involving property which the defendant has taken into his possession. The amended and supplemental complaint does

66

not seek any information regarding the amount or source of the income of Fitch as disclosed by his income tax return, or to see a copy of the return. On the contrary it is the action of the Collector in attempting to collect the tax regardless of amount or source of income that is being attacked. There has always existed at common law the right of action against a tax collector to recover sums wrongfully collected. Such a suit is personal against the Collector and is not one against the United States. Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828; Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Lowe Bros. Co. v. United States, 304 U.S. 302, 58 S.Ct. 896, 82 L.Ed. 1362. The same rule should logically apply where the Collector has taken into his possession property to which he is not legally entitled. It is essentially a contest between the plaintiff and defendant with respect to priority of liens against certain property of the taxpayer, and I see no good reason why the Collector should be permitted to hold property of the taxpayer without showing that his claimed lien against the property in question is superior to the claim of the plaintiff against the same property. The motion of the defendant to dismiss the amended and supplemental complaint is accordingly overruled.

The pleading filed by the Collector is styled a motion to dismiss the amended and supplemental complaint. However, it appears to be both a motion and an answer, in that in Paragraph 6 it states that: "Without waiving any of the prior defenses set up in this Motion to Dismiss the Court is further informed that no funds belonging to Henry D. Fitch are now in the hands of Seldon R. Glenn, Collector, nor have they been in the hands of Seldon R. Glenn, Collector, since January 1, 1942." This is in effect an answer to the amended and supplemental complaint, and states facts which apparently terminate the proceedings against him in his personal capacity. If he has no property of the defendant Fitch in his possession and is making no claim to any such property in opposition to the plaintiff's claim, there is no reason why he should not be dismissed from the proceedings.

Unless the plaintiff wishes to join issue with the facts stated in Paragraph 6 of the Motion, an order should be entered adjudging the answer of the Collector sufficient and dismissing the action as to him.