FARNSWORTH & CHAMBERS COMPANY, Inc., Appellant,

v.

Robert L. PHINNEY, District Director of Internal Revenue, Austin, Texas, Appellee.

No. 18252.

United States Court of Appeals
Fifth Circuit.

June 15, 1960.

Charles W. Hall, C. W. Wellen, William M. Ryan, Houston, Tex. (Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., on the brief), for appellant.

Richard B. Buhrman, Lee A. Jackson, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., William B. Butler, U. S. Atty., Myron M. Sheinfeld, Asst. U. S. Atty., Houston, Tex. (I. Henry Kutz, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, alleging that large amounts in the total sum of $2,770,966.75 had been wrongfully collected from it as taxes, brought this suit against Robert L. Phinney, District Director of Internal Revenue, at Austin, Texas, to recover said sums as income taxes overpaid. There was attached to

the petition a letter from the director to attorneys for the taxpayer in which it was stated:

"If you now desire the return of $2,770,966.75, paid to the Director of Internal Revenue as a voluntary advance payment on taxes and interest that may be assessed against Farnsworth & Chambers Company, Inc., we shall be happy to consider a request for return of the advance payment. Since no assessment of taxes has been made in this case, there is no basis, legal or otherwise, for consideration by the Internal Revenue Service of the forms 843 you lodged at this office. Consequently the advance payment cannot be refunded as claimed; however, we shall return the money upon receipt of your written request."

The defendant moved to dismiss plaintiff's action on the grounds: (1) that the court was without jurisdiction of it; and (2) that the complaint failed to state a cause of action. The district judge, after inquiry into the jurisdiction of the court,[1] for the reasons stated and upon the authorities cited[2] in a carefully considered and thoughtful opinion,[3] concluding that jurisdiction was lacking, granted defendant's motion to dismiss on that ground and entered an order dismissing the cause.

Plaintiff-appellant is here presenting two questions for decision:

Question No. 1, treated in the briefs as secondary, is "Was the suit erroneously transferred for the purposes of venue from Austin to Houston?"

Question No. 2, appellant's main contention, is "Did the district judge err in dismissing the action for lack of jurisdiction?"

and insisting that the order was wrongly entered and must be reversed. We do not think so.

■ On the authority of this court's decision in Ex parte Blaski, 5 Cir., 245 F.2d 737, by which, until further advised, we are bound, we answer the first question, "It was not".

■ Though stated in far greater detail in the district judge's opinion, this in substance is what the facts come to. The money paid by taxpayer to the collector was not paid in satisfaction of any assessed or otherwise determined tax liability. Indeed no such liability has been determined. Neither was it collected by or for the United States. It was voluntarily delivered as an advance payment for the purpose of avoiding further accrual of interest, and the district director accepted it as such with the understanding that it would be returned by him to taxpayer upon receipt of written request.

Under these established, indeed admitted, facts, the prohibition of Sec. 7422, I.R.C., 1954, 26 U.S.C.A. § 7422,[4] applied, the district court was plainly without jurisdiction of the suit, and we answer the second question, "He did not".

Appellant's contention that the taxpayer has complied with every jurisdictional requirement for suits by taxpayers for refund, as well as his argument in support of it, rests upon the fallacy of assuming, completely contrary to the established facts, that there was (1) an assessment, and (2) a collection of in-

1. Land v. Dollar, 330 U.S. 731, at page 735, note 4, 67 S.Ct. 1009, 91 L.Ed. 1209 and cases cited. Cf. Hardin v. McAvoy, 5 Cir., 216 F.2d 399, at page 403, note 5 and cases cited.

2. Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535; Thomas v. Mercantile National Bank at Dallas, 5 Cir., 204 F.2d 943; to which may be added Lowe Bros. Co. v. United States, 304 U.S. 302, 58 S.Ct. 896, 82 L.Ed. 1362.

3. Farnsworth & Chambers Co. v. Phinney, D.C., 178 F.Supp. 330.

4. "§ 7422 Civil actions for refund.
"(a) No suit prior to filing claim for refund—'No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Secretary or his delegate. * * *"

come taxes in the amounts sued for; and, contrary to the uncontradicted statements in the director's letter:

"Since no assessment of taxes has been made in this case, there is no basis, legal or otherwise, for consideration by the Internal Revenue Service of forms 843 you lodged in this office, consequently the advance payment cannot be refunded as claimed. However, we shall return the money upon receipt of your written request."

that the required claims for refund were filed.

The judgment was right. It is affirmed.