SCHROEDER, Circuit Judge.
 

 The Bankruptcy Code provides that in certain circumstances a trustee may avoid a debtor’s property transfer if the transfer was made on or within ninety days before the date of the filing of a petition for bankruptcy. 11 U.S.C. § 547(b)(4)(A). One exception to this general rule is that the trustee may not avoid the transfer to the extent it was in “payment of a debt incurred in the ordinary course of business,” and made in the ordinary course of business not later than forty-five days after the debt was incurred. 11 U.S.C. § 547(c)(2)(A)-(D). In this case, the trustee seeks to avoid the debtor’s payment under a “forward contract” to purchase seed
 
 *1119
 
 from Van Dyke Seed Company. The issue is whether the debt was incurred within forty-five days of the payment.
 

 A forward contract is an agreement to sell a commodity at a fixed future date but at a price set at the time the contract is written.
 
 SEC v. G. Weeks Securities, Inc.,
 
 678 F.2d 649, 652 (6th Cir.1982). In the contract at issue here, the Bankrupt, Gold Coast Seed Company, agreed to buy quantities of seed from Van Dyke at fixed prices. There were two contracts: the first was executed in September and the second in November of 1979. The seller, Van Dyke, began shipment in February 1980. Gold Coast paid for the seed in April 1980, within forty-five days of the time that shipment began. Gold Coast filed a petition in bankruptcy on June 30, 1980, within ninety days of the date of payment.
 

 The trustee sought to avoid the payment as one made within ninety days before the filing in bankruptcy. He agreed with Van Dyke that the payment was made in the ordinary course of business, but disagreed with Van Dyke’s position that it was made within forty-five days of the time the debt was incurred. According to the trustee, the debt was incurred when the contracts were executed in 1979. According to Van Dyke, the debt was not incurred until the shipment began in February 1980. The Bankruptcy Court, 35 Bankr. 12, agreed with Van Dyke and held that the debt was incurred when the shipments began and not when the contract was executed. The District Court affirmed, and, on the trustee’s appeal, we also affirm.
 

 The Bankruptcy Code does not directly address the question of when a debt is incurred under a forward contract, and no reported decisions address this point either. The Bankruptcy Code defines debt as a “liability on a claim.” 11 U.S.C. § 101(11). “Claim” in turn is defined as a “right to payment _” 11 U.S.C. § 101(4)(A). Thus a debt is incurred when a debtor becomes legally bound to pay.
 
 See In re Emerald Oil Co.,
 
 695 F.2d 833, 837 (5th Cir.1983);
 
 Barash v. Public Finance Corp.,
 
 658 F.2d 504, 511 (7th Cir.1981).
 

 The contract itself did not specify when payment was due, but the Uniform Commercial Code provisions applicable to this California transaction provide that in the absence of a contrary agreement, a seller is entitled to payment upon shipment of conforming goods. U.C.C. §§ 2-503, 504, 507. The principle that a debt is incurred for purposes of 11 U.S.C. § 547(c)(2)(B) when goods are shipped is amply supported by case authority.
 
 See In re Emerald Oil Co.,
 
 695 F.2d at 837 (debt is incurred when performance under the contract has occurred);
 
 In re Iowa Premium Service Co.,
 
 695 F.2d 1109, 1111-12 (8th Cir.1982) (en banc) (payments of interest on promissory note held not to be voidable transfers because interest (debt) incurred when interest accrued, not when notes executed);
 
 In re Wathen’s Elevators, Inc.,
 
 37 Bankr. 870, 871-72 & n. 4 (Bankr.W.D.Ky.1984) (debt is incurred when the grain is delivered because that is when debtor became obliged to pay);
 
 In re Blanton Smith Corp.,
 
 37 Bankr. 303, 307 (Bankr.M.D.Tenn.1984) (debt is incurred when the goods, services, or performance have been provided);
 
 see also
 
 Levin,
 
 An Introduction to the Trustee’s Avoiding Powers,
 
 53 Am.Bankr.L.J. 173, 187 (1979). We therefore agree with the Bankruptcy Court and the District Court in holding that the debt was incurred upon shipment, when the debtor became obligated to pay for them, and not when the debtor executed a contract agreement to purchase the goods in the future.
 

 Affirmed.