**In re Christian S. NIELSEN, Debtor.**

**Christian S. NIELSEN, Plaintiff,**

**v.**

**UNITED STATES of America, (INTERNAL REVENUE SERVICE), Defendant.**

**Bankruptcy No. 391–37949–HCA–11. Adv. No. 391–3755.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

May 29, 1992.

Gregg D. Stevens, Attorney, Tax. Div., Dept. of Justice, Dallas, Tex., for U.S.

Christian S. Nielsen, pro se.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

This Adversary Proceeding is before the Court on the United States' Motion for Summary Judgment against Plaintiff Christian S. Nielsen and Nielsen's Cross–

Motion for Summary Judgment. The issue before the Court is whether Nielsen can avoid a payment made to the Internal Revenue Service (the "IRS") in 1988 as a preferential transfer pursuant to § 547 of the United States Bankruptcy Code (the "Code").[1] Specifically, the Court must determine whether the alleged avoidable transfer occurred when the payment to the IRS was made, or if the payment was simply a deposit held by the IRS until a subsequent determination of Nielsen's liability for the assessed penalty. Upon hearing the parties' arguments, and a review of the pleadings on file and the relevant law, the Court makes the following findings pursuant to Bankruptcy Rule of Procedure 7052.

## FINDINGS OF FACT

In May and June of 1988, Christian S. Nielsen ("Debtor") was assessed $279,000 in punitive tax penalties by the IRS pursuant to 26 U.S.C. § 6701 for his role in assisting in the promotion and preparation of 1984 partnership tax returns related to research and development partnerships. In July of 1988, Debtor paid the IRS $41,-000 of the assessed penalties and filed a request for refund, a prerequisite for contesting the assessment. Upon denial of his request for refund, Debtor filed a petition in the United States District Court for the Northern District of Texas (the "District Court") to contest his liability for the penalties. On September 11, 1991 and October 9, 1991, the District Court ruled that Debtor was liable for the tax penalties, albeit in a lower amount.

On October 11, 1991, Debtor filed his voluntary petition for relief under Chapter 11 of the Code. On November 19, 1991, Debtor filed his Complaint to Avoid Preferential Transfers under 11 U.S.C. § 547 (the "Complaint") against the IRS.

## PARTIES' ARGUMENTS

In the Complaint, Debtor argues that the amount he paid the IRS in 1988 was nothing more than a deposit held by the IRS pending determination of his liability for

1. The IRS has not raised the defense of sovereign immunity.

the penalties by the District Court. Debtor contends that the funds were transferred to the IRS for purposes of § 547 of the Code when the District Court determined his liability. Therefore, he concludes that the transfer is avoidable since the District Court's ruling occurred within 90 days of the filing of his Chapter 11 petition.

On February 12, 1992, the IRS filed its Motion for Summary Judgment and Brief in support thereof contending that § 547 of the Code does not apply because the payments were received by the IRS more than 90 days prior to the filing of Debtor's bankruptcy petition. Specifically, the IRS contends that Debtor paid 15% of the assessed penalties, not proposed penalties as argued by Debtor. The IRS concludes its argument by asserting that the Debtor's liability was defined when the IRS assessed the penalties back in 1988.

On March 9, 1992, Debtor filed his Answer to the United States' Motion for Summary Judgment and his Cross–Motion for Summary Judgment (the "Answer and Cross–Motion"). In addition to responding to the IRS's Motion for Summary Judgment, the Answer and Cross–Motion sought summary judgment relief avoiding the alleged preferential transfer to the IRS. The Court notes that Debtor did not file a supporting affidavit, nor did the Answer and Cross–Motion set forth undisputed facts upon which the Court could grant judgment to Debtor.

### CONCLUSIONS OF LAW

Initially, the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O). The Court notes that this is a case of first impression before this Court, and that there is a dearth of other case decisions to assist the Court in determining the issue before it.

Federal Rule of Civil Procedure 56(c), made applicable to this case by Bankruptcy Rule 7056, provides that summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

*Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir.1990). The issue before the Court is well-suited for summary judgment since the facts are not in dispute and it involves a matter of law.

Section 547(b) of the Code empowers a trustee or debtor in possession to avoid a transfer as preferential if he can establish all of the following elements:

1) a transfer of property of the debtor;

2) to or for the benefit of a creditor;

3) for or on account of an antecedent debt owed by the debtor before the transfer was made;

4) made while the debtor was insolvent;

5) made on or within ninety days before the date of the filing of the petition, or between ninety days and one year before the date of the filing if the creditor is an insider; and

6) that enables the creditor to receive more than such creditor would receive if

A) the case were a case under Chapter 7 of Title 11;

B) the transfer had not been made; and

C) such creditor received payment of such debt to the extent provided by Title 11.

11 U.S.C. § 547(b); *Coral Petroleum, Inc. v. Banque Paribas–London*, 797 F.2d 1351 (5th Cir.1986).

For purposes of this memorandum opinion, the Court is concerned with the first and fifth elements. To ascertain if the transfer involved property of the Debtor at the time of the transfer and when the transfer took place, the Court must first determine when Debtor became liable to the IRS and whether his payment to the IRS was applied to the penalty or was a deposit in the nature of a segregated fund.

Section 6701 of the Internal Revenue Code (the "IRC") involves the imposition and determination of penalties for aiding and abetting understatement of tax liability. A taxpayer may contest an assessment of § 6701 penalties by following the proce-

dures set forth in § 6703 of the IRC.[2] Section 6703(c)(1) provides that a taxpayer may contest the penalty if he or she pays 15% of the penalty and files a claim for refund. If the refund claim is denied, the taxpayer then may challenge the penalty assessment in the appropriate United States district court. *Weir v. United States*, 716 F.Supp. 574 (N.D.Ala.1989). The primary purpose of § 6703(c) of the IRC is to suspend the collection efforts of the IRS while the taxpayer contests the assessment.

### When is a Taxpayer's Liability Defined?

█ Debtor argues that the express language of § 6703(c)(2) provides that the appropriate United States district court shall determine the taxpayer's liability for the penalty, and until the district court rules, the taxpayer is not liable for any assessment. The Court disagrees with Debtor's argument for several reasons. Initially, the Court finds that a taxpayer's liability is defined upon formal assessment by the IRS. Section 6201(a) of the IRC provides as follows:

**(a) Authority of Secretary.**—The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law....

26 U.S.C. § 6201. Section 6203 of the IRC provides that the "assessment shall be made by recording the *liability* of the taxpayer". 26 U.S.C. § 6203 (emphasis added). *See also Girard Trust Bank v. United States*, 643 F.2d 725, 727 n. 8 (Ct.Cl. 1981).

█ An assessment by the IRS is an administrative determination fixing the tax liability of a taxpayer. *Farnsworth & Chambers Co., Inc. v. Phinney*, 178 F.Supp. 330 (S.D.Tex.1959), *aff'd*, 279 F.2d 538 (5th Cir.1960); *Cohen v. Gross*, 316 F.2d 521 (3rd Cir.1963); *Kurio v. United States*, 281 F.Supp. 252, 255 n. 5 (S.D.Tex. 1968). A formal assessment by the IRS is given the force of a judgment, and establishes a prima facie case of tax liability.

2. Section 6703 provides:

§ 6703. Rules applicable to penalties under sections 6700, 6701, and 6702

(a) Burden of proof.—In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of proof with respect to such liability shall be on the Secretary.

(b) Deficiency procedures not to apply.—Subchapter B of chapter 63 (relating to deficiency procedures) shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702.

(c) Extension of period of collection where person pays 15 percent of penalty.—

(1) In general.—If, within 30 days after the day on which notice and demand of any penalty under section 6700, or 6701 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such pro-

ceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court. Nothing in this paragraph shall be construed to prohibit any counterclaim for the remainder of such penalty in a proceeding begun as provided in paragraph (2).

(2) Person must bring suit in district court to determine his liability for penalty.—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700 or 6701 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

(3) Suspension of running of period of limitations on collection.—The running of the period of limitations provided in section 6502 on the collection by levy or by a proceeding in court in respect of any penalty described in paragraph (1) shall be suspended for the period during which the Secretary is prohibited from collecting by levy or a proceeding in court.

*Bull v. United States,* 295 U.S. 247, 260, 55 S.Ct. 695, 699–700, 79 L.Ed. 1421 (1935); *Kurio,* 281 F.Supp. at 255 n. 5. The date of assessment is the date a tax lien comes into existence, 26 U.S.C. § 6322; *Prewitt v. United States,* 792 F.2d 1353 (5th Cir.1986), and is the date the statute of limitations on collections begins to run. 26 U.S.C. § 6502; *Sage v. United States,* 908 F.2d 18, 25 (5th Cir.1990). Furthermore, in deciding that funds remitted to the IRS prior to the date of assessment were not in payment of the tax obligation, several courts have held that the taxpayer's obligation is not defined until the date of assessment. *Rosenman v. United States,* 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945); *United States v. Dubuque Packing Co.,* 233 F.2d 453 (8th Cir.1956); *Ford v. United States,* 618 F.2d 357 (5th Cir.1980).

Debtor cites two district court opinions to support his argument that he was not liable for any penalties until the District Court ruling determined his liability. *In re Tax Refund Litigation,* 725 F.Supp. 140 (E.D.N.Y.1989), *appeal dismissed,* 915 F.2d 58 (2nd Cir.1990); *Hankin v. United States,* No. CIV.A. 89–3143, 1990 WL 11624 (E.D.Pa. Feb. 7, 1990). Both courts stated, in dicta, that the taxpayer could not be liable prior to a determination of liability by an appropriate district court. This Court notes that both cases involved the filing of notices of tax liens, which "constitutes a type of 'collection activity' which the statute was designed to prohibit during the pendency of § 6700 [or § 6701] litigation." *Hankin,* 1990 WL 11624, at *2. As opposed to trying to prohibit collection efforts by the IRS, Debtor attempts to utilize § 6703(c) to argue that the assessment by the IRS is of no effect in defining a taxpay-

er's liability. Furthermore, the dicta in those decisions is not binding upon this Court and does not alter this Court's analysis of the Congressional intent, to wit, an assessment of penalties is an administrative determination of a taxpayer's liability, with the taxpayer having the right to contest the assessment in an appropriate forum.

■ Irrespective of the dicta in the above opinions and the implication urged by Debtor that *only* a district court can determine a taxpayer's liability for penalties assessed under § 6701, the clear meaning of § 6703 is to allow the taxpayer to contest the assessment while prohibiting any further collection efforts by the IRS.[3] If the taxpayer does not contest the assessment, or fails to follow the requisite procedures, then the assessment by the IRS is a final determination of the taxpayer's liability. If the taxpayer properly contests the assessment, then the district court makes a final determination of the taxpayer's liability.[4] Clearly, however, the IRS has initial authority to determine a taxpayer's liability for penalties under the IRC.

*Normal Taxation Process*

■ Quoting § 6703(b), Debtor contends that traditional assessment procedures are inapplicable to penalties assessed under § 6701. While § 6703(b) specifically excludes Subchapter B of Chapter 63 from applying to § 6701 penalties, Subchapter A of Chapter 63, which provides the general rules for assessment including § 6201 and § 6203 discussed above, remains applicable. Furthermore, § 6671 of the IRC provides that the penalties and liabilities provided by subchapter 68B, which includes § 6701, are assessed in the same manner as taxes.[5]

---

**3.** "Since the penalty on promoters of abusive tax shelters is immediately assessable, the [IRC] provides for district court review of the Secretary's assessments and notice and demand of these penalties before the full amount of such penalties may be collected if certain procedural requirements are met." 14 J. Mertens, Law of Federal Income Taxation § 55.146 (rev. ed. 1976) (discussing the procedures set up in §§ 6700–6703).

**4.** And if the taxpayer appeals the district court ruling, then the appellate court renders a final determination and so on.

**5.** Section 6671 provides in pertinent part as follows:

§ 6671. Rules for application of assessable penalties

(a) Penalty assessed as tax.—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as oth-

Therefore, the Court finds that traditional assessment procedures, with some specific exceptions explicitly set forth by Congress, apply to penalties assessed pursuant to § 6701 of the IRC.

In 1935, the United States Supreme Court described the taxation system as follows:

> A tax is an exaction by the sovereign, and necessarily the sovereign has an enforcible claim against every one within the taxable class for the amount lawfully due from him. The statute prescribes the rule of taxation. Some machinery must be provided for applying the rule to the facts in each taxpayer's case, in order to ascertain the amount due. The chosen instrumentality for the purpose is an administrative agency whose action is called an assessment. The assessment may be a valuation of property subject to taxation which valuation is to be multiplied by the statutory rate to ascertain the amount of tax. Or it may include the calculation and fix the amount of tax payable, and assessments of federal estate and income taxes are of this type. Once the tax is assessed the taxpayer will owe the sovereign the amount when the date fixed by law for payment arrives. Default in meeting the obligation calls for some procedure whereby payment can be enforced. The statute might remit the Government to an action at law wherein the taxpayer could offer such defense as he had. A judgment against him might be collected by the levy of an execution. But taxes are the life-blood of government, and their prompt and certain availability an imperious need. Time out of mind, therefore, the sovereign has resorted to more drastic means of collection. The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt.
>
> In recognition of the fact that erroneous determinations and assessments will inevitably occur, the statutes, in a spirit of fairness, invariably afford the taxpayer an opportunity at some stage to have mistakes rectified. Often an administrative hearing is afforded before the assessment becomes final; or administrative machinery is provided whereby an erroneous collection may be refunded; in some instances both administrative relief and redress by an action against the sovereign in one of its courts are permitted methods of restitution of excessive or illegal exaction. Thus the usual procedure for the recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer. The assessment supersedes the pleading, proof and judgment necessary in an action at law, and has the force of such a judgment. The ordinary defendant stands in judgment only after a hearing. The taxpayer often is afforded his hearing after judgment and after payment, and his only redress for unjust administrative action is the right to claim restitution. But these reversals of the normal process of collecting a claim cannot obscure the fact that after all what is being accomplished is the recovery of a just debt owed the sovereign. If that which the sovereign retains was unjustly taken in violation of its own statute, the withholding is wrongful. Restitution is owed the taxpayer. Nevertheless he may be without a remedy. But we think this is not true here.

*Bull,* 295 U.S. at 259–60, 55 S.Ct. at 699–700. The assessment by the IRS was an administrative determination of Debtor's liability to be given the force of a judgment. Debtor was entitled to pursue an action for refund pursuant to § 6703, but that does not change the fact that his debt was initially determined upon assessment.

*Taxpayer has a Claim for Refund*

■ The Court further finds that Debtor's payment to the IRS was applied to his assessed liability, and not simply a deposit as argued by Debtor. The language of

---

erwise provided, any reference in this title to "tax" imposed by this title shall be deemed

also to refer to the penalties and liabilities provided by this subchapter.

§ 6703(c)(2) specifically refers to the taxpayer's claim for refund of any "partial payment of any penalty".[6] Furthermore, Congress specifically included actions contesting § 6701 understatement penalties in § 7422 of the IRC, which prescribes rules for civil actions for refund.[7] Indeed, the District Court's first finding of fact in the case at bar stated that the action was a "suit for refund and abatement of tax penalties assessed under 26 U.S.C. § 6701." *Christian S. Nielsen v. United States of America,* No. 88–3164, slip op. at 1 (N.D.Tex. Sept. 11, 1991).

### Effect of District Court's Ruling

 Upon payment of the $41,000 to the IRS, Debtor had the right to pursue a claim for refund. Debtor no longer had ownership of the funds paid to the IRS; his only property interest was his right to pursue a refund action. *See Bull,* 295 U.S. at 259–60, 55 S.Ct. at 699–700. However, the District Court's determination of liability rendered his refund claim valueless.

▇▇▇ An exchange that did not diminish Debtor's estate could not be a preferential transfer within the reach of § 547 of the Code. *Wind Power Sys., Inc. v. Cannon Fin. Group, Inc. (In re Wind Power Sys., Inc.),* 841 F.2d 288 (9th Cir.1988). The payment to the IRS would have diminished Debtor's estate if his claim for refund had been of value. However, since the District Court's ruling resulted in Debtor's claim being worthless, its extinguishment

---

**6.** The Fifth Circuit Court of Appeals has held that § 6703(c) does not violate due process by requiring "partial payment of the penalty assessed" prior to a judicial review of the assessment. *Anderson v. United States,* 754 F.2d 1270, 1272 (5th Cir.1985) (per curiam).

**7.** Section 7422(i) provides:

> (i) Special rule for actions with respect to tax shelter promoter and understatement penalties.—No action or proceeding may be brought in the United States Claims Court for any refund or credit of a penalty imposed by section 6700 (relating to penalty for promoting abusive tax shelters, etc.) or section 6701 (relating to penalties for aiding and abetting understatement of tax liability).

**8.** Although not briefed by either party, the Court notes that the transfer would not be avoidable

---

did not result in a diminution of Debtor's estate, and thus, no transfer occurred.

## CONCLUSION

Debtor has the burden of proving all the elements of a preferential transfer pursuant to § 547 of the Code.[8] Since the Court finds that no transfer occurred within 90 days of Debtor's filing for bankruptcy, the Court grants the United States' Motion for Summary Judgment and denies Debtor's Cross–Motion for Summary Judgment.

---

under § 547 of the Code even if the Court were to assume, *arguendo,* that Debtor's contentions were correct. As noted above, Debtor must prove all elements of an avoidable transfer action, including that the transfer was for or on account of an antecedent debt owed by the debtor before the transfer was made. 11 U.S.C. § 547. Debtor has contended that the payment to the IRS was not transferred for purposes of § 547 until the District Court found him liable for the penalties. The Court concludes that if Debtor had prevailed in establishing that he was not liable for any penalties until the District Court ruling, he could not then be heard to assert that he owed a debt to the IRS prior to such determination; such positions are diametrically opposite. *Nolden v. Van Dyke Seed Co., Inc. (In re Gold Coast Seed Co.),* 751 F.2d 1118, 1119 (9th Cir.1985) (a debt is incurred when a debtor becomes legally bound to pay).